482

**STAR STATIONERY CO. v. ROGERS.**

**No. 6201.**

Circuit Court of Appeals, Third Circuit.

Feb. 23, 1937.

Milton E. Mermelstein, of New York City, for appellant.

Robert F. Darby and J. H. Harrison, both of Newark, N. J., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and WELSH, District Judge.

BUFFINGTON, Circuit Judge.

In the court below Rogers, receiver of the New Jersey National Bank & Trust Company, sued the Star Stationery. Company for an alleged balance on its note to the bank dated April 28, 1932, for $7,000. The defendant admitted it owed $234.10 on the principal of the note, but contended it was not liable for interest. On motion of the receiver to strike, the alleged defense of the defendant, that it was not liable for interest, was stricken and judgment was entered for the balance of debt and interest, $995.27, of which sum $234.10 was the balance of unpaid principal and $761.17 represented interest and protest fees. Defendant appealed and its contention is that when the bank received payments and did not specifically. apply them to interest, that it waived payment of interest.

We cannot accede to this view. The note fell due on July 9, 1932, and, allowing the payment of $500 that day made, the balance of $6,500 then came due and interest began to run. The sum of all payments thereafter made did not pay the principal, part of which remained unpaid when suit was brought. So long as such part of the principal remained unpaid, interest ran in the absence of any act or agreement of the bank to waive interest. See Curtis v. Innerarity, 6 How. 146, 154, 12 L.Ed. 380, where it is said:

"Every one who contracts to pay money on a certain day knows, that, if he fails to fulfil his contract, he must pay the established rate of interest as damages for his non-performance. Hence it may correctly be said, that such is the implied contract of the parties."

So regarding, the judgment below is affirmed.